[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13232
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-20645-UU

GREGORY MAURICE SMITH,

Plaintiff-Appellant,

versus

WARDEN,
JIM FULTZ,
Unit Manager,
STANLEY TYSON,
Case Manager,
UNKNOWN BUREAU OF PRISONS STAFF,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 21, 2013)

Before HULL, MARTIN, and BLACK, Circuit Judges.

PER CURIAM:

Gregory Smith, a federal prisoner, appeals *pro se* the district court's *sua sponte* dismissal of his *Bivens*[1] action against his prison warden and other prison employees for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We affirm.[2]

Smith's suit alleged prison officials deprived him of a constitutionally-protected liberty interest in failing to comply with Bureau of Prisons ("BOP") policy when he challenged information in his administrative prison file. Specifically, Smith's *Bivens* claim is premised on the following theory. First, Smith claims BOP Program Statement 5800.11(15)(c) (Sept. 8, 1997) confers a liberty interest in providing that when an inmate challenges information in his file, prison officials "shall"—which is to say *must*—"take reasonable steps to ensure the accuracy of challenged information." In Smith's view, the mandatory nature of this procedural scheme confers a liberty interest for purposes of procedural due process. Second, Smith alleges prison officials deprived him of 5800.11(15)(c)'s liberty interest by failing to "take any reasonable steps to ensure the accuracy" of

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 2004–05 (1971).

[2] Although *pro se* pleadings are construed liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), we review *de novo* a district court's *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals, *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003).

2

information in his file "before using such information against [him]." According to Smith, prison officials used inaccurate information against him when they deemed him unsuitable "for placement at a Minimum facility." (*Id.*).

The district court did not err in dismissing Smith's complaint for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii). Smith's due process *Bivens* theory requires alleging not only the deprivation of a liberty interest, but also that such deprivation "impose[d] atypical and significant hardship" relative "to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S. Ct. 2293, 2300 (1995). As pleaded, however, Smith's complaint alleges only that he was denied placement in a less-secure prison as a result of the purported deprivation. Absent extraordinary circumstances, such a denial does not amount to an "atypical" or "significant hardship." *See id.*; *cf. Vitek v. Jones*, 445 U.S. 480, 494, 100 S. Ct. 1254, 1264 (1980) (concluding that "the stigmatizing consequences of a transfer to a mental hospital for involuntary psychiatric treatment" and "mandatory behavior modification as a treatment for mental illness, constitute the kind of deprivations of liberty that requires procedural protections"). Accordingly, Smith's complaint fails to state a cognizable *Bivens* claim.

The district court's order dismissing Smith's complaint is **AFFIRMED.**[3]

---

[3] Because oral argument is unnecessary to affirm the district court's dismissal, we deny as moot Smith's motion for appointment of counsel for oral argument.